## McCONNELL v. UNITED STATES.
### No. 5755.

Circuit Court of Appeals, Third Circuit.
Jan. 15, 1936.

William Kaufman, of Pittsburgh, Pa., for appellant.

Young M. Smith and Will G. Beardslee, both of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., and Horatio S. Dumbauld, U. S. Atty., and Stanley Granger, Asst. U. S. Atty., both of Pittsburgh, Pa., for the United States.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Western District of Pennsylvania in favor of the United States. The appellant brought suit under section 19 of the World War Veterans' Act, as amended (38 U.S.C.A. § 445) upon two contracts of war risk term insurance to recover permanent total disability benefits. The policies had lapsed on February 1, 1919, for nonpayment of premium due January 1, 1919. The appellant alleged that the contracts matured prior to February 1, 1919, by reason of permanent total disability which he claimed resulted from pulmo-

640

nary tuberculosis and pericarditis with which he had become affected either in September or October, 1918. The jury returned a verdict for the United States.

■ The appellant has presented 16 assignments of error. Assignments Nos. 3, 4, 6, 7, 9, and 10 relate to the refusal of the trial court to allow medical witnesses to testify as to whether, in their respective opinions, the appellant was unable to continuously follow a substantially gainful occupation, and whether the appellant's disabilities were total and permanent. Under the law and the pleadings, the determination of that question was the ultimate issue of fact for the determination of the jury. The Supreme Court in United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617, has ruled that this ultimate issue of fact to be decided by the jury may not be resolved by the evidence of expert witnesses as to their conclusions upon the whole case. That ruling disposes of these assignments against the contentions of the appellant.

■ Assignments Nos. 5, 8, and 11 relate to alleged error of the trial court in permitting medical witnesses for the appellee to answer the question, "In your opinion what sort of work was the plaintiff able to do at the time he was examined by you?" The court properly allowed the witnesses to answer this question, for it did not require an answer which would be an opinion upon the ultimate issue as to whether the appellant was totally and permanently disabled, but merely an opinion upon a fact which with other evidence the jury could consider in determining the ultimate issue.

■ Assignments Nos. 12 and 13 refer to alleged error by the trial court in refusing to allow a lay witness for the appellant to testify that he, the appellant, worked when he should have been in bed, as to the reason for the appellant's quitting work, and as to what ailed the appellant. As the witness was not qualified to give an opinion as an expert as to any of these matters, these assignments are without merit.

■ Assignments Nos. 14 and 15 relate to alleged error in permitting a witness for the appellee to testify to entries made in the pay roll of a company which had employed the appellant, on the ground that the witness had not made the original entries. It was shown that the pay roll books were in the official custody of the witness, were checked by his office under his supervision, and that the person who had made the entries was dead. The admission of the pay roll books in evidence does not appear to us to be substantial error.

■ Assignment No. 16 relates to the charge as a whole, in that, it is asserted, it imposed upon the appellant a heavier burden of proof than required by law, and did not give him the benefit of a liberal construction of the war risk insurance contract. Inasmuch as no exception was taken at the trial to the charge, or to any portion thereof, this assignment is not properly before us. We think the charge was fair and comprehensive.

■ Assignment No. 1 charges that the verdict was contrary to the evidence, and No. 2, that the verdict was contrary to the weight of the evidence. The appellant did not move for a directed verdict in his favor, and in the absence of such a motion, and an exception taken to the overruling thereof, the issue the appellant now attempts to raise is not before us.

Finding no error on the part of the District Court, the judgment is affirmed.